IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN JAMES BAKER | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-378 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner John James Baker, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the calculation of his federal sentence.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

Petition was arrested by state authorities and released from custody multiple times between August 30, 2020, and October 2, 2021. (Doc. #7-2 at 8.) On June 10, 2022, Petitioner was arrested by state authorities for allegedly making terroristic threats. (Doc. #7-2 at 70.) On August 10, 2022, Petitioner was indicted in the United States District Court for the Northern District of Texas for possession of a firearm by a convicted felon, which allegedly occurred on or about August 20, 2020. (Doc. #7-2 at 11.) Petitioner was taken into federal custody pursuant to a writ of *habeas corpus ad prosequendum* on August 18, 2022. (Doc. #7-2 at 70.)

On September 21, 2022, Petitioner pleaded guilty to possession of a firearm by a convicted felon in case number 4:22-CR-00236 in the Northern District of Texas. On January 5, 2023, Petitioner was sentenced to twenty-one months of imprisonment. The sentence was ordered to run concurrently with any future state sentences imposed in case numbers 1654860D, 1661032D, and 1661042 in Tarrant County, Texas. The sentence was ordered to run consecutively to any future sentence imposed in case numbers 1703319D and 1679693 in Tarrant County. (Doc. #7-2 at 18-19.)

Petitioner was returned to state custody. On January 12, 2023, Petitioner was sentenced to three years of imprisonment in case number 1654860D (doc. #7-2 at 23) and a concurrent three-year sentence in case number 1661032D (doc. #7-2 at 29). Petitioner was released to mandatory supervision on his state sentences on March 16, 2023, with a sentence expiration date of October 24, 2024. (Doc. #7-2 at 37.) On that date, Petitioner was released to exclusive federal jurisdiction to serve his federal sentence.

After he was taken into federal custody, the Bureau of Prisons determined that Petitioner's federal sentence began to run on January 5, 2023, the date it was imposed. (Doc. #7-2 at 4-5.) Petitioner did not receive presentence credit because that time had been credited toward his state sentences. (Doc. #7-2 at 5.) The Bureau of Prisons determined that Petitioner's projected release date from federal custody is August 12, 2024, with credit for Good Conduct Time. (Doc. #7-2 at 5.)

## The Petition

Petitioner contends that the Bureau of Prisons should award him credit for days he spent in custody from August 18, 2022, when he was taken into federal custody pursuant to the writ of *habeas corpus ad prosequendum*, through January 4, 2023, the day before his federal sentence was imposed.

## Analysis

A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A federal sentence cannot commence prior to the date it is imposed, even if it is ordered to run concurrently with a previously-imposed sentence. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

A defendant convicted of a federal crime is entitled to credit for certain time spent in official detention prior to the date the sentence begins. The statute provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The statute authorizes credit only for time that has not been credited toward another sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General, through the Bureau of Prisons, determines what credit should be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences. *Wilson*, 503 U.S. at 333-34; *Leal,* 341 F.3d at 428.

The Bureau of Prisons correctly concluded that Petitioner's sentence commenced on January 5, 2023, the date on which he was sentenced. Because the presentence time from August 18, 2022, through January 4, 2023, was credited toward his state sentences, he is not entitled to also have the time credited toward his federal sentence. *See United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). Further, Petitioner is not entitled to credit for the time he spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, because it was credited toward his state sentence. *Lopez v. Jeter*, No. 05-10240, 170 F. App'x 894, at *1 (5th Cir. 2006), citing *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

The Bureau of Prisons correctly calculated Petitioner's sentence. Therefore, he is not entitled to habeas relief.

## Recommendation

The Petition for Writ of Habeas Corpus should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 20th day of May, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE